UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ROBERT MICHAEL BAGETTA,

        Plaintiff,                         Case No. 1:07-cv-289

v.                                         Honorable Robert Holmes Bell

PATRICIA CARUSO et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff paid the civil action filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

      I.        Factual Allegations

Plaintiff is incarcerated in the Earnest C. Brooks Correctional Facility (ECF). He sues Michigan Department of Corrections (MDOC) Director Patricia Caruso and unknown parties, which appear to include the ECF Classification Director and the ECF School Principal. Plaintiff has been in the custody of the MDOC since 2003, and was transferred to ECF in April 2005. Upon arrival at an MDOC facility, a Program Classification Committee interviews and classifies the prisoner to a work or school assignment. See MICH. DEP'T. OF CORR., Policy Directive 05.01.100(E) (eff. Jan. 1, 2001). MDOC policy further provides:

> Unless exempt pursuant to Paragraphs P and Q, prisoners who do not possess a documented high school diploma or GED certificate shall be placed in appropriate ABE and GED preparation classes as set forth in Paragraph L. If a prisoner claims to have a high school diploma or GED certificate and documentation verifying the diploma or certificate does not exist in the prisoner's file, it shall be the prisoner's responsibility to provide verifiable documentation. If it can be reliably inferred from a verified military record . . . that the prisoner has a high school diploma or GED certificate, further documentation verifying the diploma or certificate is not required.

MICH. DEP'T. OF CORR., Policy Directive 05.02.112(K) (eff.April 7, 2003). The ECF classification director accepted Plaintiff's Military DD-214 Form as evidence that Plaintiff completed high school. The classification directors at two previous facilities where Plaintiff had been incarcerated also accepted the military form as proof that Plaintiff had completed high school. However, in August 2006, the new ECF classification director refused to accept Plaintiff's military record as proof that he had completed high school and gave Plaintiff a school assignment. Because Plaintiff refused the school assignment, he was classified as "unemployable." Policy Directive 05.01.100(Y). Unemployable prisoners are not permitted to participate in more leisure time activities than those who work or attend school full-time. Policy Directive 05.01.100(AA). As a result, Plaintiff was

confined to his cell from 8:00 a.m. to 4:30 p.m. on weekdays, the same time that other prisoners are participating in their school or work assignments.

Plaintiff claims that Defendants violated his due process rights when they refused to accept his military record as proof that he completed high school and subsequently classified him as unemployable when he refused a school assignment. He further claims that Defendants "retaliated" against him by confining him to his cell on weekdays and that such confinement constituted a violation of his Eighth Amendment right against cruel and unusual punishment. Plaintiff also asserts violations of MDOC policy and state law that requires an individual to attend school only until the age of sixteen. Plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages.

## II. Failure to State a Claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. **Due Process**

Plaintiff claims that Defendants violated his due process rights when they refused to accept his military record as proof that he completed high school and subsequently confined him to

his cell on weekdays when he refused a school assignment. To determine whether Plaintiff's confinement involves the deprivation of a liberty interest protected by the due process clause, the Court must determine if it imposes an "atypical and significant" hardship on the inmate "in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). The Sixth Circuit repeatedly has found that confinement to administrative segregation does not present an "atypical and significant" hardship implicating a protected liberty interest. *See Jones v. Baker*, 155 F.3d 910, 812-13 (6th Cir. 1998) (two years of segregation while inmate was investigated for murder of prison guard in riot); *Mackey v. Dyke*, 111 F.3d 460 (6th Cir. 1997) (one year of segregation after inmate was found guilty of possession of illegal contraband and assault and where reclassification was delayed due to prison crowding); *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995) (inmate serving life sentence was placed in segregation after serving thirty days of detention for misconduct conviction of conspiracy to commit assault and battery). Likewise, the Sixth Circuit has held that a prisoner's confinement to his cell on weekdays while other prisoners work or attend school does not constitute an atypical or significant hardship. *See Ingram v. Harry*, 97 F. App'x 20, 21 (6th Cir. 2004). Accordingly, Plaintiff fails to state a claim under the Due Process Clause.

      B.    **Eighth Amendment**

Plaintiff also contends that being confined to his cell on weekdays violates his Eighth Amendment right against cruel and unusual punishment. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged "must

result in the denial of 'the minimal civilized measure of life's necessities.'" *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich* , 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348. Moreover, "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

Plaintiff's claim does not rise to the level of an Eighth Amendment violation. The federal courts have held that similar and even longer periods of cell confinement do not violate the Eighth Amendment. *See, e.g., Argue v. Hofmeyer*, 80 F. App'x 427, 429 (6th Cir. 2003) (prisoner's confinement to his cell for 23 hours per day, Monday through Friday, did not violate the Eighth Amendment); *Figueroa v. Dinitto*, 52 F. App'x 522, 523 (1st Cir. 2002) (confining prisoner to cell with another prisoner for 23-24 hours a day, without opportunity to work or participate in educational, vocational, or rehabilitation programs did not constitute "extreme deprivation" that might violate Eighth Amendment, even if prisoner had not committed disciplinary infractions while imprisoned in state); *Smith v. Romer*, No. 96-1211, 1997 WL 57093, at *2 (10th Cir. Feb. 11, 1997) (confinement to a cell for twenty-three hours a day does not necessarily amount to a constitutional violation; *Smith v. Beatty*, No. 95-1493, 1996 WL 166270, at *1 (7th Cir. Apr. 5, 1996) (confining prisoners to a small cell 23 hours a day under lockdown conditions does not violate the Eighth Amendment, absent other aggravating conditions, such as overcrowding). Plaintiff, therefore, fails to state an Eighth Amendment claim.

C.     **Retaliation**

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, Plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Plaintiff claims that "Defendants 'retaliated' against the Plaintiff by punishing the Plaintiff to room confinement." (Compl., ¶ 14) (emphasis in original). Plaintiff further argues that Defendant "retaliated against the plaintiff when the plaintiff required the defendants to 'comply with and enforce'" Policy Directive 05.02.112(K). (Compl., ¶ 31) (emphasis in original). Plaintiff fails to state a claim of retaliation because he does not allege that he was engaged in any protected conduct that resulted in his cell confinement on weekdays. Neither Plaintiff's disagreement with Defendants over whether his military record was sufficient to satisfy MDOC policy, nor his refusal to accept a school assignment, is conduct protected by the constitution. In the absence of protected conduct, Plaintiff fails to state a retaliation claim.

D.     **State Law**

Plaintiff claims that Defendants violated their own policies by refusing to accept his military records as proof that he completed high school. He further claims that Defendants violated

state law that requires an individual to attend school only until the age of sixteen. Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). To the extent that Plaintiff's complaint presents allegations under state law, this Court declines to exercise jurisdiction. The Sixth Circuit has stated that district courts should generally decline to exercise supplemental jurisdiction over state law claims under these circumstances. *See Landefeld v. Marion Gen. Hosp.*, *Inc.,* 994 F.2d 1178, 1182 (6th Cir. 1993); *Hawley v. Burke*, No. 97-1853, 1998 WL 384557, at *1-2 (6th Cir. June 18, 1998). Therefore, Plaintiff's state law claim should be dismissed without prejudice.

      III.    Motions

Plaintiff has filed a motion to appoint counsel (docket #2), a motion for temporary retaining order and permanent injunction (dockets ##3-4). Because I recommend that the complaint be dismissed for failure to state a claim, I further recommend that Plaintiff's motions be denied as moot.

**Recommended Disposition**

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b), and 42 U.S.C. § 1997e(c). Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I also recommend that the Court deny as moot Plaintiffs motion to appoint counsel (docket #2), and motion for temporary retaining order and permanent injunction (dockets ##3-4).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

      /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   April 24, 2007

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).